**UNITED STATES BANKRUPTCY COURT**
DISTRICT OF NEW JERSEY
M.L. KING, JR. FEDERAL BUILDING
50 WALNUT ST., 3RD FLOOR
NEWARK, NEW JERSEY 07102

DONALD H. STECKROTH                                                              (973) 645-4693
BANKRUPTCY JUDGE                                                            Fax: (973) 645-2606

**NOT FOR PUBLICATION**

> FILED
> JAMES J. WALDRON, CLERK
>
> **JUNE 7, 2012**
>
> U.S. BANKRUPTCY COURT
> NEWARK, N.J.
>
> BY: s/ Ronnie Plasner, DEPUTY

June 7, 2012

**LETTER OPINION**
**ORIGINAL FILED WITH THE CLERK OF THE COURT**

Richard DeVita, Esq.                             Mary Ann McField, Esq.
1228 Garden Street                               1209 E. Grand Street, Suite 201
Hoboken, New Jersey  07030                       Elizabeth, New Jersey  07201
*Counsel for Plaintiffs*                         *Counsel for Defendants*

Re:    **Milenkovic v. Gonzalez**
       **Adv. Pro. No. 11-01672 (DHS)**

Dear Counsel:

      The Plaintiffs, Kanami and Aleksander Milenkovic ("Plaintiffs"), have filed a motion for summary judgment against the defendants/debtors, Edgardo and Ana Gonzalez ("Defendants" or "Debtors"), seeking to determine the non-dischargeability of a certain debt. The Defendants have filed opposition and after oral argument on the motion, supplemental certifications were filed by both parties at the Court's direction. The question before the Court on summary judgment is whether a pre-petition default judgment entered in the Superior Court of New Jersey against the Defendants for damages of $80,402.01 is entitled to collateral estoppel effect so that the matter cannot be relitigated before this Court.

Page 2
June 7, 2012

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 (2007) and the Standing Order of Reference from the United States District Court for the District of New Jersey dated July 23, 1984. This matter is a proceeding to determine the non-dischargeability of a particular debt and therefore a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(1) (2007). 157(b)(2)(1) (2007). Venue is proper under 28 U.S.C. §§ 1408 and 1409 (2007). The following constitutes the Court's findings of fact and conclusions of law as required by Federal Rule of Bankruptcy Procedure 7052.

The Plaintiffs alleged that they hired the Debtor, Edgardo Gonzalez, to perform certain repairs and renovations on their residence based on representations by Edgardo and his wife, Shirley, regarding his expertise. Plaintiffs allege they paid Edgardo the sum of $30,000 in cash, and although requesting a written contract, never received a written contract. It is alleged that the work was commenced but not completed and that the Plaintiffs were forced to hire another contractor to complete the project at an additional cost of $22,000.

Plaintiffs instituted suit in the Superior Court of New Jersey against the Defendants alleging breach of contract, damages, false representation, fraud, and consumer fraud. The Defendants did not file an answer. Default judgment was entered on February 11, 2009 and a proof hearing held shortly thereafter, with a final Judgment dated May 15, 2009 ("Judgment"). The Defendants pro se filed a motion to vacate the Judgment and oral argument was heard. Defendant Edgardo testified at that hearing and the Court found no evidence of excusable neglect or meritorious defense and denied the motion. A second motion was filed by Defendants through an attorney they hired and again the motion was denied. Thus, the Plaintiffs argue, the matter has been fully adjudicated and the underlying complaint and Judgment should be granted full faith and credit and given collateral estoppel effect, preventing the Debtors from denying the claims and damages set forth in the state court Judgment.

The Debtor's opposition certification asserts that Edgardo advised the Plaintiffs he was simply a handyman and not a contractor. He certifies that he was engaged to perform work on a kitchen previously constructed by a prior contractor who was being sued by Plaintiffs. He further states that the Plaintiffs only paid him $7,000 over several months, not the $30,000 that the Plaintiffs allege. Mr. Gonzalez certifies that he did not attend or testify at the proof hearing because he could not afford a lawyer. After learning of the Judgment, he received help from the court to file a motion to vacate and did appear at the first hearing to vacate but was not represented. Thereafter, he certifies he hired an attorney and a second motion to vacate was filed. He appeared in court at that time without his attorney and the motion was argued telephonically after the court called his attorney. Both Debtors have certified that Ana Gonzalez never worked with her husband, did not attend the proof hearing, did not testify at the motion to vacate, did not appear for the second motion to vacate, and had little or nothing to do with the construction or the underlying cause of action.

Page 3
June 7, 2012

   A court may grant summary judgment under Federal Rule of Civil Procedure 56(c), made applicable to adversary proceedings pursuant to Federal Rule of Bankruptcy Procedure 7056, "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Id.* At the summary judgment stage, the role of the court "is not to weigh evidence, but to determine whether there is a genuine issue for trial." *Knauss v. Dwek*, 289 F. Supp. 2d 546, 549 (D.N.J. 2003) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)). The court must construe facts and inferences in a light most favorable to the non-moving party. *See Am. Marine Rail NJ, LLC v. City of Bayonne*, 289 F. Supp. 2d 569, 578 (D.N.J. 2003) (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986)). "Only evidence admissible at trial may be used to test a summary judgment motion. Thus, evidence whose foundation is deficient must be excluded from consideration." *Williams v. Borough of West Chester, Pa.*, 891 F.2d 458, 471 (3d Cir. 1989) (citations omitted).

   The moving party must make an initial showing that there is no genuine issue of material fact. *See Knauss*, 289 F. Supp. 2d at 549 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The burden then shifts to the non-moving party to "make a showing sufficient to establish the existence of [every] element essential to the party's case, and on which that party will bear the burden of proof at trial." *Cardenas v. Massey*, 269 F.3d 251, 254-55 (3d Cir. 2001) (questioned on other grounds) (quoting *Celotex Corp.*, 477 U.S. at 322). The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson*, 477 U.S. at 247-48 (emphasis in original). An issue of fact is "genuine" if a reasonable juror could return a verdict for the non-moving party. *See id.* at 248. Furthermore, a material fact is determined by the substantive law at issue. *See Crane v. Yurick*, 287 F. Supp. 2d 553, 556 (D.N.J. 2003) (citing *Anderson*, 477 U.S. at 248). A fact is "material" if it might affect the outcome of the suit under governing law. *Id.* Disputes over irrelevant or unnecessary facts are insufficient to defeat a motion for summary judgment. *Anderson*, 477 U.S. at 248 (citation omitted).

   However, even if material facts remain disputed, summary judgment may be proper if, after all inferences are drawn in the non-moving party's favor, the moving party is entitled to judgment as a matter of law. *Id.* at 248-50. Such a judgment is appropriate "as a matter of law" when the non-moving party has failed to make an adequate showing on an essential element of his or her case, as to which he or she has the burden of proof. *See Celotex Corp.*, 477 U.S. at 322-23. When one party moves the court for summary judgment, Federal Rules of Civil Procedure 54(c) and 56, taken together, permit the court to enter summary judgment on behalf of the non-movant, even if the non-movant has not filed a cross-motion for summary judgment. *See Peiffer v. Lebanon Sch. Dist.*, 673 F. Supp. 147, 151-52 (M.D. Pa. 1987) (citation omitted). On the other hand, a court must deny a motion for summary judgment when a genuine issue of

Case 11-01672-DHS    Doc 16    Filed 06/07/12    Entered 06/07/12 15:46:52    Desc Main
                              Document       Page 4 of 5

Page 4
June 7, 2012

material fact remains to be tried, or where the moving party is not entitled to a judgment as a matter of law.

In the instant matter, the Plaintiffs argue the Judgment is entitled to preclusive effect and summary judgment should be granted in their favor. The state court Judgment is final as to amount and established the existence of the debt. However, the state court did not have jurisdiction to determine non-dischargeability. Only this Court has such jurisdiction and it is clear that a prepetition state court judgment does not have res judicata effect on non-dischargeability. *See Nottsen v. Hawkins*, 231 B.R. 222, 231 (D.N.J. 1999).

In *Hennessey v. Winslow Township*, 183 N.J. 593 (2005), citing *In re Estate of Dawson*, 136 N.J. 1, 20 (1994), the New Jersey Supreme Court outlined the requirements to foreclose relitigation of an issue, whereby the party asserting the bar must show that:

   a. The issue to be precluded is identical to the issue decided in the prior proceeding;
   b. The issue was *actually litigated* in the prior proceeding;
   c. The court in the prior proceeding issued a final judgment on the *merits*;
   d. The determination of the issue was essential to the prior judgment; and
   e. The party against whom the doctrine is asserted was a party to or in privity with a party to the earlier proceeding. (Emphasis added)

Under New Jersey law, collateral estoppel is inapplicable to default judgments because such judgments are not decided "on the merits" as they are not "actually litigated." *See In re Hawkins*, 231 B.R. 231. "On the merits" means that the factual issues directly involved must have been actually litigated and determined. *Slowinski v. Valley National Bank*, 264 N.J. Super. 172, 183 (App. Div. 1993). In Slowinski, a default judgment entered subsequent to a proof hearing in which the defendant was not permitted to testify in her defense and thus, was not given issue preclusion effect because the judgment was not rendered on the merits. *See Slowinski*, 264 N.J. Super. at 183-84. This rule applies in the Bankruptcy Court. *See In re Hawkins*, 231 B.R. at 231-32, *Gallo v. Tooley (In re Tooley)*, 207 Bankr. Lexis 1213 (2007), and *In re Azeglio*, 422 B.R. 490 (Bankr. D.N.J. 2010) (where Judge Wizmur denied collateral estoppel and preclusion on similar facts involving a default judgment but one where there had been substantial pretrial participation and activity, including responsive pleadings and depositions, activities not present in the case *sub judice*.) Here, there is little doubt that the Judgment was not actually litigated nor determined on the merits. The Defendants were not present at the original proof hearing and their lawyer did not even appear in court on the motion to vacate the default judgment when, according to the certifications filed, counsel's primary argument was that the Debtors should have their day in Court.

The underlying factual dispute is striking with material issues of fact in dispute. Plaintiffs allege they paid $30,000 in cash and the Debtors acknowledge receipt of only a small

Page 5
June 7, 2012

portion of that sum. Plaintiffs allege Edgardo was hired as the primary contractor while he and his wife certify he is simply a handyman and paid on a per diem basis. Had these issues all been determined on the merits, the Judgment would be entitled to collateral estoppel effect and prohibit the relitigation of issues that have been adjudicated in the prior lawsuit. The only question at that point would be whether the Judgment debt is non-dischargeable. However, this did not occur in the state court and for that reason, the motion for summary judgment is denied.

An Order in conformance with this Opinion has been entered by the Court and a copy attached hereto.

Very truly yours,

*Donald H. Steckroth*

DONALD H. STECKROTH
UNITED STATES BANKRUPTCY JUDGE

Enclosure